ANGEL RAFAEL MARTÍ, Petitioner, v. DISTRICT COURT OF SAN JUAN, Respondent.

No. 1104. Argued June 14, 1937.—Decided July 7, 1937.

*R. Palacios Rodríguez* for petitioner. *La Costa & La Costa* for plaintiff in the main action.

Mr. Justice Travieso delivered the opinion of the court.

María Paniagua brought, in the Municipal Court of San Juan, an action of unlawful detainer against the petitioner herein, Angel Rafael Martí, and set up two causes of action: the first based on the termination of the contract, and the second on the nonpayment of the stipulated rental corresponding to January 1937. On March 8, 1937, said municipal court rendered judgment for the plaintiff on the second cause of action, and the defendant took an appeal to the district court.

On May 1, 1937, the plaintiff in the unlawful detainer suit requested the district court to dismiss said appeal on the ground that the defendant had failed to deposit the rental which became due on April 30, 1937. She attached to her motion a certificate of the clerk of the municipal court, and also a copy of the contract of lease, the first clause of which provides "that the stipulated monthly rental will be of forty dollars payable on the last day of each month without excuse or delay whatsoever at the residence of the owner . . ."

The defendant objected to the dismissal of his appeal because " . . . . monthly rental means a period of one month, and the same is not due, that is, it does not expire until the 24th hour of the last day has elapsed, it being demandable on the following day . . . " Accordingly, he presented a receipt issued by the clerk of the municipal court on May 1, 1937, attesting to the deposit made on that day.

By an order of May 17, 1937, the district court sustained the motion of plaintiff and dismissed the appeal, relying on

section 634 of the Code of Civil Procedure, 1933 ed. (section 15 of the Unlawful Detainer Act), and on the decision of this Supreme Court in *Aurora, Sociedad Agrícola* v. *Barroso,* decided November 4, 1936.

At the instance of Angel Rafael Martí, a writ of certiorari was issued to review said decision, and after the parties were heard on June 14 last, the case was submitted.

■■ The petition for certiorari does not present a new question in this jurisdiction. The monthly rental, according to the contract between the parties, amounted to $40 a month, "payable on the last day of each month . . . " The rental corresponding to the month of April 1937 was due, therefore, on the 30th, which is the last day of said month. The lessee had all of the 30th day of April to deposit the rental which was due on that day; and as he failed to do so, the plaintiff had a perfect right to request the dismissal of the appeal in accordance with section 634 of the Code of Civil Procedure (section 15 of the Unlawful Detainer Act), and the lower court did not err in so ordering. See also the case of *Aurora, Sociedad Agrícola* v. *Barroso, supra,* cited in the decision appealed from, and the cases of *Sellés, Casas & Co.* v. *Betancourt et al.,* 32 P.R.R. 328; *Rivera* v. *López Acosta,* 28 P.R.R. 276; *Silva et al.* v. *Aboy, Giorgetti & Co., Ltd.,* 20 P.R.R. 71; and *Más et al.* v. *Borinquen Sugar Co.,* 17 P.R.R. 923.

The petitioner has not only failed to prove that he took any steps to make the deposit of the rental on the date when it was due, but he admits in his petition that the deposit was made the day following the expiration of the term. The petition for certiorari must be denied, and the writ issued on May 25, 1937, discharged.

Mr. Justice Córdova Dávila took no part in the decision of this case.